[Civ. No. 2545.   First Appellate District, Division One.—February 18, 1919.]

## GEORGE ALBERT BEAN, Respondent, v. JOEL BEAN, Appellant.

TRUSTS—ACTION TO ENFORCE—IMPROPER DIVERSION OF TRUST FUNDS—FAILURE TO PAY OFF INDEBTEDNESS ON TRUST PROPERTY AS DIRECTED—LIABILITY OF TRUSTEE.—Where a son, as trustee under a trust created by his father in favor of three sons, including the trustee, for the purpose of paying off certain indebtedness against separate properties which he conveyed to such sons, did not pay off the indebtedness on one of these properties as directed, but took a part of the trust money and paid for street work not called for by the trust and invested other trust moneys in certain corporate securities, claiming them as a gift after the father's death, the trial court, in an action to enjoin the trustee from disposing of the securities consisting of shares of stock and to compel him to turn over the same and certain sums of money claimed to be due to a beneficiary of the trust property, properly awarded to the son on whose property the indebtedness had not been paid off, the corporate securities and personal judgment in favor of such son against the trustee for the amount paid for street work and for the amount of the dividends accruing upon the stock, the value of the stock when added to the amount of the personal judgment being less than the unpaid indebtedness.

APPEAL from a judgment of the Superior Court of Santa Clara County.  J. R. Welch, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Charles Clark for Appellant.

H. A. Blanchard for Respondent.

KERRIGAN, J.—This is a suit in equity to enjoin the defendant from disposing of certain shares of stock and to compel him to turn over the same, together with certain sums of money claimed to be due plaintiff under the terms of a certain trust created by one James Bean for the benefit of his children with their approval and consent. Judgment went for plaintiff. No adverse ruling against appellant either in the settlement of the pleadings or in the admission or rejection of evidence appears from the record. The principal point relied upon for a reversal is that the findings fail to support the existence of the alleged trust. The case comes up for review upon the judgment-roll and bill of exceptions.

The facts necessary for an understanding of the case may be stated as follows: James Bean, being nearly ninety years of age and sick and infirm, was desirous of dividing certain lands owned by him among his three sons. These lands were situated in different counties of this state and were all subject to mortgage. Bean was also the owner of a certain note secured by a deed of trust, upon which there was due the sum of fifteen thousand dollars. To carry out his plan for the division of his estate he proceeded to convey to each son the particular piece of property he desired him to have. He then transferred to his eldest son, James Edwin Bean, the note owned by him. The transfer was made in trust for various purposes, but particularly to pay off the encumbrances on the various parcels of land conveyed by him to his sons, so that, as far as possible, each son might have his property clear of indebtedness. The father retained the income from all of the property for his support as long as he lived.

The terms of the trust in relation to the property provided for the following payments:

(1) The income to the father during his life.

(2) To the Bank of San Jose an indebtedness due from the trustor in the sum of six thousand five hundred dollars.

(3) A mortgage of two thousand dollars upon property situated in Alameda County conveyed to the appellant.

(4) An indebtedness of one thousand two hundred dollars due to James Edwin Bean.

(5) A note indorsed by James Bean and James Edwin Bean in the principal sum of one thousand two hundred dollars; an indebtedness of one thousand five hundred dollars on property located in San Francisco, and also the payment

of a certain mortgage indebtedness then owing by James Bean upon particular property conveyed to plaintiff as far as the fund would permit.

The property alluded to in the last clause was situated in Santa Clara County and was known as the San Martin ranch, upon which there was a mortgage of three thousand five hundred dollars. At the time the trust in the fifteen thousand dollar note was created the total debts, the payment of which was provided for, amounted to the sum of sixteen thousand four hundred dollars. As the payment of the debt of three thousand five hundred dollars on the San Martin property was subordinate to the payment of the other encumbrances and debts, the amount available for this purpose was but the sum of two thousand one hundred dollars, which left it subject to a debt of one thousand four hundred dollars, which was to be assumed by plaintiff. The various credits provided for plaintiff out of the trust fund were the following: The sum of two thousand one hundred dollars above mentioned; a sum of one thousand two hundred dollars due the Bank of Santa Clara; the sum of one thousand five hundred dollars to liquidate the indebtedness on a lot in San Francisco, and the further sum of five hundred dollars to be paid for the release of a mortgage on a lot situated in Gilroy. In addition to these sums, plaintiff is entitled to a further credit of one thousand two hundred dollars, he having succeeded to the claim of his brother James Edwin Bean against the trust fund, payment of which was provided for.

At the time of the conveyance of the different parcels of land allotted to plaintiff, one of those parcels, alluded to as the San Martin ranch, was subject to a contract of sale, and was thereafter sold by plaintiff thereunder for the sum of $8,350. The property when sold was still subject to the mortgage as above described. No part of the indebtedness had been released as provided for under the trust agreement, for the reason that the note assigned to the trustees for collection had not as yet been paid. The price paid by the purchaser of this property was made up by him assuming the three thousand five hundred dollar mortgage, the execution of a second mortgage of $2,850 and the payment of two thousand dollars in cash. With permission of the father, plaintiff retained the second mortgage of $2,850 and the sum of one thousand five hundred dollars in cash, making a total of

$4,350, and the balance of five hundred dollars was devoted to the purposes of the trust. Thereafter the trustee received a partial payment of $8,250 on the note assigned to him. A part of this was applied to the liquidation of the first mortgage he was directed to pay under the terms of the trust, and he turned over the balance of $1,701.25 to the trustor to distribute as he had directed in his declaration of trust. Some time thereafter the balance of the trust note was collected, and the two thousand dollar indebtedness against the property situated in Oakland, deeded to appellant, was paid, as was also the sum of seven hundred dollars on account of the indebtedness of plaintiff to the Bank of Santa Clara. The payment of both of these items was provided for. At this time there were due credits to plaintiff with which the trust fund was chargeable a five hundred dollar balance due the Bank of Santa Clara, the sum of one thousand two hundred dollars due the trustee, to which plaintiff succeeded; one thousand five hundred dollar indebtedness on the San Francisco lot, a five hundred dollar indebtedness on the Gilroy lot and the credit of two thousand one hundred dollars on account of the San Martin ranch, together with the sum of five hundred dollars paid by plaintiff into the trust fund at the time of its sale. Upon these amounts the plaintiff had been paid the sum of four thousand three hundred dollars, leaving a balance to his credit in the sum of six thousand three hundred dollars. According to the terms of the trust these debts should have been paid, but notwithstanding this fact a portion of the funds on hand were invested in certain corporate securities, and the father having shortly thereafter died, these securities came into the possession of the appellant, who lived with his father at the time of his death, and he claimed them under a gift, contrary to the trust provisions.

At the trial the amount of the trust fund traced into the hands of the defendant represented by the corporate securities amounted to the sum of $4,625, together with the sum of $330, dividends paid thereon. Plaintiff further proved that the sum of six hundred dollars was diverted from the fund for the payment of street improvements for the benefit of the appellant not contemplated or authorized by the trust agreement. The amount of the trust funds so traced was less than plaintiff was entitled to receive under the terms of the trust.

By its judgment the trial court awarded plaintiff the corporate stock, which it found to be of the value of $4,625. It also gave a personal judgment for the sum of $930, being the six hundred dollars paid for street work and the dividends accruing upon the stock. Plaintiff having proved, and the court having found, the existence of the trust, plaintiff was entitled to this judgment, he having traced these amounts as being part of the trust funds to which he was entitled.

In conclusion, it may be stated that it appears from the record that the appellant received the major portion of the father's estate under the division thereof. From this fact it is argued by respondent that appellant is in no position to question the validity of the settlement. As the trial court found upon sufficient evidence that a trust existed, the discussion of this question becomes unimportant.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1919.

All the Justices concurred.